John D. BERNTSON, Appellant–Petitioner,

v.

INDIANA DIVISION OF FAMILY AND CHILDREN, et al., Appellees–Respondents.

No. 57A03–9912–CV–486.

Court of Appeals of Indiana.

Nov. 13, 2000.

Rehearing Denied Jan. 10, 2001.

John D. Berntson, pro se.

Karen M. Freeman–Wilson, Attorney General of Indiana, Jon Laramore, Deputy Attorney General Indianapolis, IN, Attorneys for Appellees.

## OPINION

HOFFMAN, Senior Judge

Appellant–Petitioner John D. Bernston appeals the trial court's affirmance of the suspension of his certified public accountant license upon the order of the Family and Social Services Administration (FSSA).[1] We affirm.

On August 10, 1998, Bernston was notified of the State's intent to administratively suspend his license as a certified public accountant. The State's intention to do so was based on Bernston's child support arrearage of $8,607.36. At the administrative hearings on the State's notice of intent to administratively suspend Bernston's license, the State presented evidence establishing a support arrearage of $8,110.72 on July 2, 1998 and a support arrearage of $8,773.60 as of September 2, 1998. Bernston testified that he made a $72.00 payment after September 2, 1998.

Before seeking to secure the administrative suspension of Bernston's license, the State pursued contempt proceedings and secured the revocation of Bernston's driver's license on the basis that he was not paying child support.[2] Bernston was found in contempt for not complying with the child support order, and he was later incarcerated for contempt. After the State determined that administrative suspension was appropriate, Bernston appealed to the trial court. The trial court affirmed the suspension, and Bernston now appeals.

Although Bernston appears to raise eleven issues in the "Issues" section of his appellate brief, he refers to only five issues in the "Argument" portion of his brief. We consolidate two of these issues and address four issues below.

■ First, Bernston raises the issue of whether the State could pursue a finding of contempt by the trial court while also pursuing the administrative suspension of Bernston's accountant's license. Bernston appears to argue that the pursuance of the administrative suspension by the State impermissibly impinged upon the trial court's jurisdiction. He argues that the authority to suspend a license lies with the judiciary, not with the executive branch.

Ind.Code § 12–17–2–34(e) clearly gives a designated Title IV–D agency the authority to send a suspension order to a licensing agency when the Title IV–D agency finds that a licensed professional is delinquent in child support payments and

1. Although FSSA issued the order, Bernston sued the Indiana Division of Family and Children, its director and an agency within it, and the Noble County Prosecutor's office and one deputy prosecutor. In this opinion, we will sometimes refer to the Appellees as the "State."

2. FSSA does not have the authority to actually suspend a license, but sends its order to the relevant licensing board.

that the licensed professional has not paid the obligation in full or entered into a payment plan after notice of intent to suspend the professional's license has been sent to him. This authority is premised upon the agency's showing that all previous enforcement actions have been unsuccessful. Ind.Code § 12–17–2–34(a).

In Indiana, the designated agency is the FSSA's Division of Family and Children. The order from the FSSA "must direct the board regulating the practice of the obligor's profession or occupation to impose the appropriate sanctions described in [Ind.Code § ] 25–1–1.2." Ind.Code § 12–17–2–34(f). License suspension is an appropriate sanction. Ind.Code § 25–1–1.2–8(b).

The applicable statutes contain protections for the obligor. The obligor must be informed in advance of the right to a hearing before the FSSA to contest the propriety of an order directing suspension. Ind.Code § 12–17–2–34(a). The obligor is considered delinquent only if he is more than $2,000.00 or three months in arrears. Ind.Code § 12–17–2–1.5. Once the licensing board receives FSSA's order directing suspension of the license, the board must give the obligor separate notice and opportunity to be heard. Ind.Code § 25–1–1.2–8. Nowhere in the statutes, case law, or the Indiana Constitution is there a provision which states that FSSA does not have the authority to order suspension of a professional license while a contempt proceeding or contempt enforcement proceedings is pending before a trial court. Accordingly, we hold that FSSA had the authority to issue its order in the instant case.

■ Second, Bernston argues that we should remand this case to the trial court with instructions to the court to find that FSSA abused its discretion in not allowing him to raise the defense of inability to pay at the administrative hearing. He cites *Pettit v. Pettit*, 626 N.E.2d 444 (Ind.1993) in support of his argument. In *Pettit*, our supreme court noted that a trial court may not hold an obligor guilty of contempt absent a finding that the delinquency was the result of a willful failure to comply with the support order and that there is financial ability to comply with the order. *Id.* at 447. Bernston also argues that FSSA's order of suspension is in derogation of the intent of Ind.Code § 12–17–2–34 as it takes away his ability to make the money necessary to pay his child support.

Our examination of the record discloses that the contempt order was entered into evidence at the administrative hearing. In the order, the trial court specifically finds that Bernston "has the ability to earn income and support his children, but has made a decision not to seek employment which would yield more income because of his desire to avoid an obligation to the IRS." The order further states that Bernston's failure to pay child support was willful. (R. 100). It is apparent that the issue of Bernston's ability to pay was raised in the administrative hearing. Furthermore, it is apparent that Bernston's lack of payment is directly attributable to his willful failure to seek work. The suspension of his license was FSSA's warning that his willfulness has dire consequences and was intended to motivate Bernston to seek employment, albeit not as a certified public accountant, to earn the money necessary to support his children.

■ Third, Bernston cites Ind.Code § 35–41–3–9 and argues that the State entrapped him into not paying his child support by filing various actions against him and by the appearance of the deputy prosecutor in opposition to his motion to modify support. He cites *Collier v. Collier*, 696 N.E.2d 47 (Ind.Ct.App.1998) in support of the latter argument.

We hold that the aforementioned entrapment statute is not applicable here as it provides a defense against criminal liability, not against civil enforcement of child support orders. We note that *Collier* was vacated in pertinent part by our supreme court in *Collier v. Collier*, 702 N.E.2d 351, 355 (Ind.1998). The pertinent portion of

the Court of Appeals opinion was never certified and is not proper authority for Bernston's argument. *See* Ind.Appellate Rule 15(B).

■ Fourth, Bernston argues that he is deprived of a constitutional right to petition the government for redress of grievances by the trial court's affirmance of the administrative suspension of his professional license. In support of this argument, he states that "[i]t is clear that the Noble Circuit Court found John Bernston had willfully failed to comply with the Court's order to pay support, not because he had income or assets, but because he had elected to spend time on these legal issues rather than work at a paying job to support his children." Appellant's Brief at 19.

As we stated above, the trial court's contempt order states that Bernston's alleged lack of income to support his children comes not from his various legal battles but from his desire to avoid paying a tax debt. Furthermore, the trial court's finding that Bernston "has demonstrated that he is capable of researching and filing many legal pleadings and memoranda in this and other cases which appear to represent many, many hours of work" is made in support of the preceding finding that Bernston "has the ability to work." (R. 100). The trial court's subsequent statement that Bernston "has elected to spend time on these legal issues rather than work at a paying job to support his children" is not directed at limiting the practice of any constitutional right, but is instead a reminder that payment of child support is accomplished by the earning of income to pay such support and not by the raising of numerous issues that have no basis in law or fact.

Affirmed.

SHARPNACK, C.J., concurs.

SULLIVAN, J., concurs with separate opinion.

SULLIVAN, Judge, concurring with separate opinion.

In the context of the case before us, Indiana Code § 12–17–2–34(e) permits the Title IV D agency to order a license revocation or suspension only if the defendant is in arrears *and* has not "establish[ed] a payment plan with the Title IV–D agency to pay the arrearage. . . . "

Clearly, the payment plan implemented by the Noble Circuit Court falls within the contemplation of the statute insofar as it concerns a payment plan. The agency could not ignore a court ordered payment plan and unilaterally order a license revocation. Therefore, if defendant here were in continuing compliance with such plan, the agency could not properly order a license suspension.

In light of the existing arrearage *vis a vis* the court imposed August 21, 1998 deadline for defendant to comply with the payment plan, the record reflects that defendant is not in compliance with the established payment plan. Non-compliance with an established payment plan is the equivalent of failure to establish a payment plan in the first instance.

For this reason I agree with the majority that the agency appropriately ordered the license suspension.